J-S02033-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| REUBEN BROWN | |
| Appellant | No. 935 EDA 2014 |

Appeal from the PCRA Order of February 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0207261-1995

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED FEBRUARY 10, 2015**

Reuben Brown appeals, *pro se*, the February 24, 2014 order dismissing his fourth petition for relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46, as untimely.  We affirm.

On October 28, 1996, Brown was convicted by a jury of first-degree murder, two counts of robbery, possession of an instrument of crime, and criminal conspiracy.[1]  Thereafter, the trial court sentenced Brown to life imprisonment for first-degree murder, five to ten years for each of the two counts of robbery, five to ten years for criminal conspiracy, and six to sixty months for possession of an instrument of crime.  This Court affirmed the judgment of sentence on July 27, 1999, and our Supreme Court denied

_____

[1]     18 Pa.C.S. §§ 2502(a), 3701, 907, 903, respectively.

review on January 5, 2000. **See Commonwealth v. Brown**, 742 A.2d 1140 (Pa. Super. 1999) (unpublished memorandum), *appeal denied*, 749 A.2d 465 (Pa. 2000).

Brown timely filed a *pro se* PCRA petition on January 27, 2000, his first. On June 1, 2000, the court appointed Attorney David Rudenstein to represent Brown. On July 19, 2000, Attorney Rudenstein filed an amended petition, in which he raised an issue regarding a recanting witness. The PCRA court allowed Attorney Rudenstein time to locate the recanting witness in order to hold a hearing. Ultimately, Attorney Rudenstein was unable to locate the recanting witness, and the PCRA court dismissed Brown's first PCRA petition on February 28, 2001.

On September 5, 2003, Brown filed a second PCRA petition. On June 18, 2004, the PCRA court dismissed that petition as untimely. Brown filed a third PCRA petition on June 15, 2009. On January 11, 2011, the PCRA court again dismissed the petition as untimely.

On March 19, 2012, Brown filed a fourth PCRA petition. In that petition, Brown alleged that his facially untimely petition satisfied the newly recognized constitutional right exception to the PCRA's timeliness requirements. **See** 42 Pa.C.S. § 9545(b)(1)(iii), discussed *infra*. Brown filed additional amendments to his fourth PCRA petition on May 21, 2012, and October 20, 2012.

On March 24, 2014, the PCRA court dismissed Brown's fourth PCRA petition as untimely. On March 31, 2014, the PCRA court ordered Brown to

file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), which Brown timely submitted on April 17, 2014. On June 4, 2014, the PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a) in response to Brown's concise statement.

Brown raises three substantive claims for our consideration, which Brown generally lists as claims of PCRA counsel abandonment, PCRA counsel's ineffectiveness, and prosecutorial misconduct and governmental interference. *See* Brief for Brown at ii.[2]

Our standard of review for an order denying PCRA relief is well-settled:

> This Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record. Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that a petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence.

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

However, before considering the merits of Brown's issues, we first must determine whether his petition was timely, thus conferring the PCRA

---

[2] Brown numbered only the pages in the argument section of his brief, in violation of Pa.R.A.P. 2173 (requiring the pages of briefs, the reproduced record, and any supplemental reproduced record to be numbered separately in Arabic figures and not in Roman numerals). Nonetheless, the defects in Brown's brief are not substantial, and do not merit any form of sanction. *See* Pa.R.A.P. 2101.

court with jurisdiction in the first instance to consider his claims on their merits.

> It is well-settled that:
>
> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

Presently, Brown's judgment of sentence became final on April 4, 2000, which was ninety days after our Supreme Court denied his petition for allowance of appeal. *See* 42 Pa.C.S. § 9545(b)(3) (providing that a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review). Therefore, to be timely Brown had one year from that date to file a petition for collateral relief, unless he pleaded and proved that a timing exception applied. *See id.* §§ 9545(b)(1)(i)-(iii). Hence, Brown's current

petition, filed on March 19, 2012, is untimely on its face unless he has pleaded and proven one of the statutory exceptions to the time-bar.

The PCRA provides for the following timeliness exceptions:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

Additionally, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented." *Id.* § 9545(b)(2). Furthermore, "exceptions to the time bar **must** be pled in the PCRA petition, and may not be raised for the first time on appeal." *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007) (citing *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999)) (emphasis added). Notably, Brown properly raised the issue

alleging that an exception to the time bar applied in his fourth PCRA petition. *See* Brown's PCRA Petition, 7/30/13, at 1-2.

Here, Brown attempts to invoke the newly-recognized constitutional right exception pursuant to section 9545(b)(1)(iii). *See* Brown's Brief at 6. However, Brown's invocation of that exception fails.

> Subsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002).

Here, Brown claims that the United States Supreme Court's decision in *Maples v. Thomas*, 132 S.Ct. 912 (2012), created a new constitutional right that is applicable to claim that his PCRA counsel abandoned him during his first PCRA proceedings.[3] *See* Brief for Brown at 6. In *Maples*, the

---

[3] Brown also makes a boilerplate claim that *Commonwealth v. Culver*, 51 A.3d 866 (Pa. Super. 2012), "provides relief," and that the case excuses his untimeliness. *See* Brief for Brown at 6. However, Brown provides a general citation to all three exceptions to the PCRA time bar. *Id.* (citing 42 Pa.C.S. §§ 9545(b)(1)(i, ii, and iii)). Brown does not develop this argument
*(Footnote Continued Next Page)*

United States District Court for the Northern District of Alabama, and subsequently, the United States Court of Appeals for the Eleventh Circuit, rejected the petitioner's request for a writ of *habeas corpus* in federal court because the petitioner failed to timely appeal the Alabama trial court's order denying him post-conviction relief. ***Maples***, 132 S.Ct. 912 at 917. The United States Supreme Court reversed, and held that the petitioner was not responsible for his untimely petition because, unbeknownst to the petitioner, his counsel had abandoned him during his appeals process. Specifically, the ***Maples*** Court held that the petitioner's abandonment of counsel claim was an extraordinary circumstance that enabled the petition to bypass the state procedural ban to his federal *habeas corpus* petition. ***Id.*** at 922-928.

   ***Maples*** addressed a timeliness exception for a state procedural default regarding a federal *habeas corpus* petition. ***Id.*** The ***Maples*** Court did not create a new constitutional right that is applicable to Brown. Therefore, Brown's reliance upon the newly recognized constitutional right exception to the PCRA's time bar necessarily fails. ***See Abdul-Salaam***, 812 A.2d at 501. Additionally, even had the holding in ***Maples*** provided Brown with a new constitutional right, neither this Court nor the United States Supreme Court

---
*(Footnote Continued)* ──────────

in any meaningful way, nor does he explain which of the three exceptions that he believe is applicable or how the ***Culver*** decision satisfies the elements of that exception. Consequently, this claim does not merit our consideration.

has ever held that ***Maples*** applies retroactively. ***Id.***; 42 Pa.C.S. § 9545(b)(1)(iii).

Hence, based upon the foregoing, the PCRA court did not err in dismissing Brown's petition as untimely, and Brown has failed to establish the applicability of an exception to the PCRA time-bar. ***See Jones***, *supra* at 17; ***Carter***, *supra* at 682. Thus, the PCRA court lacked the jurisdiction to consider the merits of Brown's claims within his PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015